**UNITED STATES of America, Appellee,**

v.

**Lamont NETTER, Appellant.**

**No. 95–1332.**

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1995.

Decided Aug. 7, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Oct. 10, 1995.

Carter Collins Law, Asst. Federal Public Defender, argued (John Mueller, Federal Defender's Office, on the brief), for appellant.

John James Ware, Asst. U.S. Atty. argued (Erik Bolinder, U.S. Attorney's Office, on the brief), for appellee.

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

MAGILL, Circuit Judge.

Lamont Netter appeals his conviction of using or carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Netter argues that the district court[1] erred in entering the verdict of guilty after one juror responded "with reluctance, yes" to the jury poll. We affirm.

---

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

## I. BACKGROUND

Lamont Netter was charged by indictment with one count of possession with intent to distribute cocaine and one count of using or carrying a firearm during and in relation to a drug trafficking crime, both in violation of federal law. Netter pleaded guilty to the count of possession with intent to distribute, and only the firearm count went to trial before a jury. The trial began on September 15, 1994, and the jury retired for deliberation on September 16, returning their verdict the same afternoon.

When the jury reentered the courtroom to deliver its verdict, the judge asked whether the jury had reached a unanimous verdict. The jury foreperson responded "yes," II Trial Tr. at 151, and the jury form, indicating a verdict of guilty, was read by the clerk. The judge then polled the jury. Each juror responded affirmatively to the question of whether this was his true and correct verdict; juror number seven, however, said, "with reluctance, yes." When the poll was finished, the clerk announced that the verdict was unanimous, and the court entered the verdict on the record. Netter's counsel did not object to the entry of the verdict as unanimous, nor did he request clarification of the jury's verdict.

Netter was sentenced to 97 months imprisonment on Count I and 60 months imprisonment on Count II, to be served consecutively; four years supervised release on Count I and two years supervised release on Count II, to be served concurrently; and a special assessment of $50 on each count. This appeal followed.

## II. DISCUSSION

Netter argues that the district court erred in entering the jury's verdict as unanimous rather than ordering further deliberations or discharging the jury.

When the defendant does not object to the result of a jury poll, our review is limited to plain error. *United States v. August,* 984 F.2d 705, 711 (6th Cir.1992), *cert. denied,* — U.S. —, 114 S.Ct. 158, 126 L.Ed.2d 119 (1993). We have authority to reverse the decision of the district court only if there is an error; it is "plain," synonymous with "clear" or "obvious"; and it affected substantial rights. *United States v. Olano,* — U.S. —, — – —, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993). Only after we find that the error meets this standard do we have discretion to reverse, basing our decision on whether the error resulted in a miscarriage of justice. *Id.* at — – —, 113 S.Ct. at 1778–79. We find that there was no plain error by the district court in entering a unanimous verdict.

Under Rule 31(d) of the Federal Rules of Criminal Procedure, "[w]hen a verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations or may be discharged." Both Rule 31 and the Sixth Amendment require that a federal criminal defendant be convicted only by a unanimous verdict. *See United States v. Antwine,* 873 F.2d 1144, 1148 (8th Cir.1989). "A valid verdict is 'certain, unqualified and unambiguous considering the circumstances of [its] receipt and poll of the jurors.'" *Id.* (quoting *United States v. Morris,* 612 F.2d 483, 490 (10th Cir.1979)).

The district court did not commit plain error in entering the verdict in this case. Juror seven answered "yes" to the poll, and the addition of "with reluctance" does not necessarily render his response ambiguous, qualified or uncertain. Appellant argues that the court was obliged to question the juror and to send the jury back for further deliberations at this "hint of nonunanimity," citing *United States v. Johnson,* 720 F.2d 519, 520 (8th Cir.1983), *cert. denied,* 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984). *Johnson,* however, states that the court acted within its discretion when it questioned a juror who expressed reluctance in her vote and sent the jury back for further deliberations, *id.,* not that the court was obliged to do so, or that it necessarily would have been an abuse of discretion had the court not questioned the jury and sent the jury back. *Johnson,* therefore, sheds little light on the instant case.

Similarly, Netter's citation of *United States v. Antwine* does not convince us that the court plainly erred in the instant case. 873 F.2d 1144 (8th Cir.1989). In *Antwine*, the district court questioned a juror who answered "yes, with reservations" when polled. The juror stated that her reservations arose from defendant's counsel's failure to object to the entry of evidence against the defendant, and, after hearing this explanation, the court then accepted the jury's verdict as unanimous. *Id.* at 1148. A panel of this Court held that the juror's reservations did not undermine the unanimity of the jury's verdict, despite the facts that the jury was not sent back for further deliberations and that the juror did not withdraw her reservations. *Id.*

This case also does not present a situation in which a juror responds to the poll with silence or with actual rejection of the verdict, *see Fox v. United States*, 417 F.2d 84, 88 (5th Cir.1969); *United States v. Morris*, 612 F.2d 483, 487–89 (10th Cir.1979), nor a situation in which a juror conditioned his assent to the verdict on leniency, *see Cook v. United States*, 379 F.2d 966, 970 (5th Cir.1967). In the instant case, juror seven stated his assent in the verdict, prefacing his assent "with reluctance." This phrase does not indicate that juror seven did not concur in the verdict, but, as in *Antwine*, merely indicates that the juror was in some way not entirely pleased with his decision.

Juror seven's response did not elicit an objection from Netter's counsel, and the court did not have a duty to exercise its discretion to order further deliberations or to dismiss the jury when all jurors responded "yes" to the poll and when counsel failed to alert the court to the possibility of error by objecting before the court entered the verdict. Had counsel objected, the court would have had the opportunity to inquire of juror seven whether he was certain of his verdict, and why he felt reluctance regarding his vote. Because there was no objection, this remedy is no longer available, and in the absence of plain error, we will not reverse the jury's verdict.

## III. CONCLUSION

Because the district court did not plainly err in entering the jury's verdict, we affirm the judgment of the district court.