United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-1345

United States of America,                *
                                         *
        Appellee,                        *
                                         *     Appeal from the United States
    v.                                   *     District Court for the
                                         *     Eastern District of Missouri.
Lamont Netter,                           *
                                         *         [UNPUBLISHED]
        Appellant.                       *
                          _____

Submitted:  July 7, 1997
    Filed: August 15, 1997
                          _____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
                          _____

PER CURIAM.

Lamont Netter appeals the sentence imposed on him by the District Court[1] at resentencing following remand.  We affirm.

When authorities searched Lamont Netter's apartment following his arrest in connection with an arranged cocaine transaction in a parking lot, they found twenty-one ounces of cocaine in a bedroom closet, one kilogram of cocaine underneath a bed in the

---

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

same room, and a loaded .22 caliber semi-automatic pistol lying beneath the bed next to the kilogram of cocaine.  Netter pleaded guilty to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1994), and a jury convicted him of using or carrying a firearm in relation to the cocaine-trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (1994).  After the firearm conviction was affirmed on appeal, see United States v. Netter, 62 F.3d 232 (8th Cir. 1995), our judgment was vacated and the matter was remanded to us for further consideration in light of Bailey v. United States, 116 S. Ct. 501 (1995), see Netter v. United States, 116 S. Ct. 1411 (1996).  On remand, we reversed the firearm conviction, vacated the sentence on the drug count, and remanded the case to the District Court to consider whether to assess a sentencing enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995) (permitting increase of two levels if firearm was possessed).  See U.S. v. Netter, No. 95-1332 (8th Cir. Oct. 7, 1996) (judgment reversing, vacating, and remanding).  The District Court concluded that the enhancement was warranted, recalculated the Guidelines range applicable to the drug count with the enhancement, and resentenced Netter at the bottom of the revised range to 121 months' imprisonment and 4 years' supervised release.  On appeal, Netter challenges the firearm enhancement to his drug sentence.

The commentary to § 2D1.1 explains that the two-level enhancement should be applied if the weapon was present, unless it was clearly improbable that the weapon was connected with the offense.  See U.S. Sentencing Guidelines Manual § 2D1.1, commentary (n.3) (1995).  The government has the burden of proving by a preponderance of the evidence both that the weapon was present and that it is probable that the weapon was connected with the drug offense.  See United States v. McCracken, 110 F.3d 535, 541 (8th Cir. 1997).  Here, the gun was found hidden beneath a bed in Netter's apartment next to a significant quantity of cocaine--the same type of drug he pleaded guilty to possessing with intent to distribute.  The District Court did not clearly err in assessing the enhancement.  See id. at 542 (standard of

review; affirming enhancement where firearms and drugs were found in defendants' residence).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.